# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

VIRGINIA COLE, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

CASH BY PHONE, LLC,

      Defendant.

NO. 3:26-cv-00361

JUDGE RICHARDSON
MAGISTRATE JUDGE FRENSLEY

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO COMPEL ARBITRATION

## INTRODUCTION

Defendant seeks to compel arbitration based entirely upon electronic records that allegedly connect Plaintiff Virginia Cole to an online loan marketplace application. But Defendant's evidence establishes, at most, that someone may have entered information associated with Plaintiff's telephone number into an online form. Defendant has not established that Ms. Cole herself visited the website, completed the submission process, or manifested assent to the alleged arbitration agreement.

Defendant's motion depends upon a chain of assumptions: because information associated with Ms. Cole appeared in Defendant's records, Ms. Cole must have been the person who entered that information; because she must have entered the information, she must have completed the website flow; because she completed the website flow, she must have agreed to arbitration. Plaintiff's declaration breaks that chain at every critical step.

Ms. Cole unequivocally denies ever visiting [www.lendingforbadcredit.com](www.lendingforbadcredit.com), submitting a loan application through that website, providing information through that website, reviewing any terms of service, or agreeing to arbitrate disputes with Defendant. *See* <u>Exhibit 1</u>, Cole Decl. ¶¶ 4-10. She further testifies that Defendant's records rely upon an address she had not occupied for approximately ten years and identify an IP address that, to the best of her knowledge, was not associated with her. *Id*. ¶¶ 11-12.

At a minimum, Plaintiff has created a genuine dispute regarding contract formation. Accordingly, Defendant's motion should be denied. Alternatively, the Court should permit completion of the arbitration-focused discovery already served by Plaintiff and conduct an evidentiary hearing before determining whether any agreement to arbitrate exists.

**BACKGROUND**

Plaintiff filed this action under the Telephone Consumer Protection Act ("TCPA") alleging that Defendant delivered, or caused to be delivered, multiple telemarketing text messages to her residential cellular telephone number despite the fact that the number had been registered on the National Do-Not-Call Registry since May 2024. ECF No. 1 ¶¶ 8-20.

The Complaint alleges that Defendant sent at least seven marketing text messages to Plaintiff's telephone number between March 8 and March 14, 2025. ECF No. 1 ¶¶ 12-16. Plaintiff further alleges that she never provided prior express consent for those messages, never requested information from Defendant, and that the messages appeared to be intended for someone other than Plaintiff. ECF No. 1 ¶¶ 15, 17-18.

Rather than answering the merits of Plaintiff's TCPA allegations, Defendant moved to compel arbitration. Defendant's motion is premised on the contention that Plaintiff visited www.lendingforbadcredit.com on March 8, 2025, entered personal identifying information into a series of website forms, and agreed to arbitrate disputes through an online clickwrap process. Defendant relies primarily on screenshots, website records, and information allegedly associated with Plaintiff, including a telephone number, email address, mailing address, and IP address.

Plaintiff disputes those assertions.

Plaintiff has submitted a sworn declaration stating that she did not submit a loan application through www.lendingforbadcredit.com, did not visit the website, did not provide information through the website for the purpose of obtaining a loan, never knowingly agreed to any terms of service, never knowingly agreed to arbitrate disputes with Defendant, and never reviewed any arbitration agreement. *See* Cole Decl. ¶¶ 4-10. Plaintiff further testifies that Defendant's records

- 2 -

identify an address she had not occupied for approximately ten years and identify an IP address that, to the best of her knowledge, was not associated with her. *Id*. ¶¶ 11-12.

The parties subsequently agreed that discovery should be limited to issues concerning arbitration and contract formation while Defendant's motion remains pending. Consistent with that agreement, Plaintiff has already served targeted discovery directed solely to the factual assertions underlying Defendant's arbitration defense. Among other things, Plaintiff seeks discovery concerning:

> • The alleged March 8, 2025 website submission;
> • The identity of all persons with knowledge concerning Plaintiff's alleged agreement to arbitrate;
> • The databases, software platforms, and third parties involved in collecting and maintaining the purported assent records;
> • Audit logs, metadata, and records of assent;
> • Source code, archived webpages, and website architecture;
> • IP address and geolocation evidence;
> • Documents relied upon by Defendant in preparing the Buser Declaration;
> • Authentication procedures used to verify user identity; and
> • The factual basis for Defendant's contention that Plaintiff personally completed the alleged submission.

Plaintiff has also served requests for admission directed at whether Defendant possesses any direct evidence that Plaintiff personally completed the submission, whether Defendant possesses any evidence that Plaintiff actually viewed or opened the arbitration provisions, and whether Defendant possesses any evidence beyond electronic records linking Plaintiff to the alleged assent. See Exhibit 2.

## I. DEFENDANT'S MOTION TO COMPEL ARBITRATION FAILS

### A. Arbitrability is a Decision for the Court Not the Arbitrator

The FAA "allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes." *Henry Schein, Inc.*

*v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527, 202 L. Ed. 2d 480 (2019). These agreements are commonly called "delegation" provisions. *See, e.g., Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 72, 130 S. Ct. 2772, 177 L. Ed. 2d 403 (2010). Yet "[c]ourts should not assume that the parties agreed to" a delegation provision "unless there is clear and unmistakable evidence that they did so." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 115 S. Ct. 1920, 944 (1995) (quotation omitted).

Here, as discussed in more detail above, Plaintiff denies ever visiting the website at issue here. Plaintiff never agreed to the website's terms, including the arbitration agreement, and including the arbitration agreement's delegation clause. As a result, Plaintiff expressly challenges the delegation clause, which he did not agree to. As the Sixth Circuit has repeatedly made clear, "[i]f the validity of a delegation provision is challenged in response to a motion to compel arbitration, then the court, rather than the arbitrator, must address those challenges." *E.g., Becker v. Delek US Energy, Inc.*, 39 F.4th 351, 355 (6th Cir. 2022). That being the circumstance here, it is the Court that must decide whether arbitration between two non-parties and non-beneficiaries to the website's terms can be enforced to compel arbitration.

**B.** **Defendant Fails to Carry its Burden to Demonstrate the Existence of an Agreement to Arbitrate.**

In evaluating a motion to compel arbitration in a TCPA case, "The Federal Arbitration Act ('FAA'), 9 U.S.C. § 1 et seq., governs the enforceability of an arbitration agreement. That statute commands that before compelling arbitration of a dispute, the Court must first be satisfied that the parties agreed to arbitrate that dispute. *See id*. § 4 (directing that courts must direct the parties to arbitration "upon being satisfied that the making of the agreement for arbitration . . . is not in issue"); *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614,

- 4 -

626, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985) ('[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute.').

"While the courts must respect the liberal federal policy favoring arbitration agreements, arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Bluecross Blueshield of Tenn., Inc. v. Nelmed Holdings, LLC,* No. 1:19-cv-00353, 2020 U.S. Dist. LEXIS 266691, at \*13 (E.D. Tenn. July 20, 2020); *see also Blue Water Bay at Center Hill, LLC v. Hasty*, 2017 Tenn. App. LEXIS 763, 2017 WL 5665410, at \*13 (Tenn. App. Nov. 27, 2017) (noting that "notwithstanding the favored position that arbitration now has in the eyes of [Tennessee] law, a party cannot be forced to arbitrate a claim that it did not agree to arbitrate"). "A district court's first task is therefore to 'determine whether the parties have agreed to arbitrate the dispute at issue.'" *Garren v. CVS Health Corp.*, 2018 U.S. Dist. LEXIS 115277, 2018 WL 3377327, at \*3 (E.D. Tenn. July 11, 2018) (quoting *Great Earth Cos., Inc. v. Simmons*, 288 F.3d 878, 889 (6th Cir. 2002)).

"'If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof.' 9 U.S.C. § 4.

> Thus, when parties litigating the application of an arbitration agreement arbitration agreement rely on documents outside the pleadings, the Sixth Circuit has applied the summary judgment standard under Federal Rule of Civil Procedure 56. *See, e.g.*, *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). The plaintiff, as the party opposing arbitration, "must show a genuine issue of material fact as to the validity of the agreement to arbitrate agreement to arbitrate. The [\*14] required showing mirrors that required to withstand summary judgment in a civil suit." *Id.* Applying this "summary-judgment-like standard," the court will ultimately "conclude as a matter of law that the parties did or did not enter into a contract containing an arbitration clause . . . only if 'there is no genuine dispute as to any material fact concerning the agreement's formation.

*Hazlett v. Family Dollar Stores of Tenn., Inc.,* No. 3:20-cv-00804, 2021 U.S. Dist. LEXIS 31225, at \*13-14 (M.D. Tenn. Feb. 19, 2021).

- 5 -

Here, Plaintiff has done far more than merely deny the legal effect of Defendant's records. Plaintiff has submitted sworn testimony directly disputing the factual premise upon which Defendant's motion depends. Specifically, Ms. Cole testifies that she did not submit a loan application through www.lendingforbadcredit.com, did not visit the website, did not provide information through the website for the purpose of obtaining a loan, never knowingly agreed to any terms of service, and never knowingly agreed to arbitrate disputes with Defendant. *See* Cole Decl. ¶¶ 4-10.

Moreover, Plaintiff identifies material discrepancies within Defendant's own records. The records relied upon by Defendant contain an address that Plaintiff had not occupied for approximately ten years prior to this lawsuit. *Id*. ¶ 11. Plaintiff further testifies that, to the best of her knowledge, the IP address identified by Defendant was not associated with her. *Id*. ¶ 12. Defendant's evidence therefore establishes, at most, that someone may have entered information associated with Plaintiff's telephone number and other identifying information into an online form. But Defendant has not established that Ms. Cole herself visited the website, completed the submission process, reviewed the purported arbitration agreement, or manifested assent to its terms.

That distinction is critical. The issue before the Court is not whether Defendant possesses records containing information associated with Plaintiff. The issue is whether Defendant can prove that Plaintiff was the individual who allegedly entered into the arbitration agreement. Plaintiff's declaration creates a direct factual dispute on that question and is sufficient to place contract formation squarely at issue under Section 4 of the FAA.

From the outset of this litigation, Plaintiff alleged that she did not provide prior express consent to receive Defendant's telemarketing text messages and did not request information from

Defendant. ECF No. 1 ¶¶ 17-18. Defendant's arbitration motion is premised on the exact opposite factual contention—that Plaintiff affirmatively sought loan information through Defendant's website. The parties' competing accounts create a quintessential factual dispute that cannot be resolved solely on Defendant's untested records.

Ultimately, Plaintiff never agreed to the arbitration agreement Defendant now seeks to enforce and, therefore, the Court should deny Defendant's motion to compel arbitration. *See e.g. Hazlett v. Family Dollar Stores of Tenn., Inc.,* No. 3:20-cv-00804, 2021 U.S. Dist. LEXIS 31225, at *20 (M.D. Tenn. Feb. 19, 2021) ("In short, the court finds that the plaintiff's Declaration, if true, shows that she had no reason even to know that she was signing an arbitration agreement arbitration agreement. Consequently, it creates a material factual dispute as to whether there was "a meeting of the minds in mutual assent" to the terms of the Arbitration Agreement Arbitration Agreement, as required to form a contract."). This Court should hold the same.

Applying the summary-judgment-like standard required by the Sixth Circuit, Defendant cannot establish the existence of an arbitration agreement as a matter of law. Plaintiff's declaration directly disputes Defendant's assertion that she visited the website, completed the application process, or agreed to arbitration. Because the parties present competing evidence concerning whether Plaintiff ever assented to the purported agreement, the making of the arbitration agreement is plainly "in issue" under 9 U.S.C. § 4.

Furthermore, the parties have already agreed that discovery should be limited to arbitration and contract formation issues while Defendant's motion remains pending. Consistent with that agreement, Plaintiff has served targeted discovery seeking the audit logs, metadata, source code, website architecture, IP address evidence, geolocation information, records of

assent, authentication procedures, and documents relied upon by Defendant's declarant. These materials go directly to the central issue presented by Defendant's motion: whether Plaintiff actually entered into the alleged agreement.

At present, Defendant asks the Court to compel arbitration based upon screenshots and records selected by its own declarant before Plaintiff has had any meaningful opportunity to test the reliability of those records or the methodology used to associate the alleged submission with Plaintiff. If the Court declines to deny the motion outright, it should defer ruling until Defendant responds to the pending arbitration-focused discovery.

## II.     CONCLUSION

For all of the foregoing reasons, Defendant's motion should be denied in its entirety.

Dated: June 3, 2026

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street
Suite 2400
Hingham, MA 02043
617-485-0018
Fax: 508-318-8100
Email: anthony@paronichlaw.com

Carly M. Roman
Strauss Borrelli PLLC
980 N Michigan Ave.
Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
Email: croman@straussborrelli.com

James Gerard Stranch , IV
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue

- 8 -

Suite 200
Nashville, TN 37203
615-254-8801
Fax: 615-250-3937