# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

VIRGINIA COLE, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

CASH BY PHONE, LLC,

      Defendant.

NO. 3:26-cv-00361

JUDGE RICHARDSON
MAGISTRATE JUDGE FRENSLEY

## PLAINTIFF'S FIRST SET OF DISCOVERY
## REGARDING ARBITRATION AND CONTRACT FORMATION

## DEFINITIONS

1. "YOU," "YOUR," "DEFENDANT," or "CBP" means Cash By Phone, LLC, together with its parents, subsidiaries, affiliates, predecessors, successors, assigns, agents, employees, representatives, contractors, vendors, and all persons acting or purporting to act on its behalf.

2. "PLAINTIFF" means Virginia Cole.

3. "WEBSITE" means www.lendingforbadcredit.com and any related webpage, subdomain, landing page, application page, mobile version, or electronic interface through which Defendant contends Plaintiff agreed to arbitration.

4. "ARBITRATION AGREEMENT" means any arbitration provision, arbitration notice, terms of service, terms and conditions, class action waiver, delegation provision, or similar agreement that Defendant contends binds Plaintiff.

1

5. "TERMS OF SERVICE" means every version of any terms, conditions, policies, disclosures, agreements, or notices that Defendant contends governed Plaintiff's use of the Website.

6. "COMMUNICATION" means every oral, written, electronic, recorded, or transmitted exchange of information.

7. "DOCUMENT" shall have the broadest meaning permitted under Federal Rule of Civil Procedure 34 and includes electronically stored information.

8. "IDENTIFY" when used with respect to a person means to state the person's full name, employer, title, address, telephone number, and relationship to Defendant.

9. "IDENTIFY" when used with respect to a document means to state its date, author, recipients, title, subject matter, and present custodian.

10. "RECORDS OF ASSENT" means any document, database entry, log, audit trail, screenshot, source code, electronic record, or other information Defendant contends demonstrates Plaintiff's agreement to any arbitration provision.

11. "SUBMISSION" means the alleged March 8, 2025 website activity that Defendant contends was completed by Plaintiff.

**INSTRUCTIONS**

1. These discovery requests are continuing in nature. If additional responsive information becomes available, Defendant shall supplement its responses pursuant to Rule 26(e).

2. If any request is objected to, state the specific basis for the objection and respond to the extent the request is not objectionable.

3. If any responsive document has been withheld on the basis of privilege, provide a privilege log.

4.      If no responsive documents exist, so state.

5.      If a document once existed but no longer exists, identify the document and explain its disposition.

6.      These requests are limited to issues concerning arbitration, contract formation, assent, consent, website usage, and Defendant's motion to compel arbitration.


## INTERROGATORIES

INTERROGATORY NO. 1

Identify every person with knowledge concerning Plaintiff's alleged agreement to arbitration.

INTERROGATORY NO. 2

Describe in complete detail the process by which Defendant contends Plaintiff agreed to arbitration, including every webpage, disclosure, hyperlink, button, screen, notice, and action allegedly taken by Plaintiff.

INTERROGATORY NO. 3

State all facts supporting Defendant's contention that Plaintiff visited the Website on March 8, 2025.

INTERROGATORY NO. 4

State all facts supporting Defendant's contention that Plaintiff entered the telephone number ending in 7615 during the Submission.

INTERROGATORY NO. 5

State all facts supporting Defendant's contention that Plaintiff entered the email address associated with the Submission.

3

INTERROGATORY NO. 6

State all facts supporting Defendant's contention that Plaintiff entered her address and any other identifying information during the Submission.

INTERROGATORY NO. 7

Describe every basis upon which Defendant contends the IP address associated with the Submission belonged to or was used by Plaintiff.

INTERROGATORY NO. 8

Identify every database, software platform, vendor, or third party involved in collecting, storing, maintaining, or producing records relating to the Submission.

INTERROGATORY NO. 9

Identify every version of the Terms of Service and Arbitration Agreement that Defendant contends governed the Submission.

INTERROGATORY NO. 10

Describe in detail how a consumer allegedly manifested assent to the Terms of Service and Arbitration Agreement as of March 8, 2025.

INTERROGATORY NO. 11

State whether any consumer could proceed through the Website without agreeing to the Terms of Service and Arbitration Agreement and, if not, explain why not.

INTERROGATORY NO. 12

State whether Defendant contends Plaintiff ever opted out of arbitration and identify all facts supporting that contention.

4

INTERROGATORY NO. 13

Identify every document Defendant may rely upon to establish contract formation between Plaintiff and Defendant.

INTERROGATORY NO. 14

Describe all steps taken by Defendant to investigate whether Plaintiff actually completed the Submission.

INTERROGATORY NO. 15

State all facts supporting Defendant's contention that Plaintiff knowingly and voluntarily agreed to arbitrate claims against Defendant.

## **REQUESTS FOR PRODUCTION**

REQUEST NO. 1

Produce all RECORDS OF ASSENT.

REQUEST NO. 2

Produce all documents relating to the Submission.

REQUEST NO. 3

Produce all screenshots, webpages, archived webpages, source code, HTML files, recordings, or visual depictions of each page allegedly viewed by Plaintiff.

REQUEST NO. 4

Produce every version of the Terms of Service and Arbitration Agreement in effect from January 1, 2025 through March 31, 2025.

REQUEST NO. 5

Produce all documents reflecting when any version of the Terms of Service or Arbitration Agreement was created, implemented, revised, or replaced.

5

REQUEST NO. 6

Produce all audit logs relating to the Submission.

REQUEST NO. 7

Produce all documents reflecting the IP address associated with the Submission.

REQUEST NO. 8

Produce all documents reflecting geolocation information associated with the Submission.

REQUEST NO. 9

Produce all documents identifying or describing the software, platform, or system used to capture assent to the Arbitration Agreement.

REQUEST NO. 10

Produce all agreements with third parties involved in collecting, storing, maintaining, or authenticating consent records.

REQUEST NO. 11

Produce all documents Defendant reviewed, relied upon, or considered in preparing the Buser Declaration.

REQUEST NO. 12

Produce all documents supporting Defendant's contention that Plaintiff agreed to arbitration.

REQUEST NO. 13

Produce all communications concerning Plaintiff's alleged agreement to arbitration.

REQUEST NO. 14

Produce all documents relating to any opt-out procedures applicable to the Arbitration Agreement.

REQUEST NO. 15

Produce all documents reflecting whether Plaintiff ever exercised any right to opt out of arbitration.

REQUEST NO. 16

Produce all training materials, policies, procedures, manuals, or instructions concerning the collection or preservation of arbitration assent records.

REQUEST NO. 17

Produce all documents sufficient to show the relationship between Cash By Phone, LLC, Search ROI, LLC, and any entity involved in collecting or maintaining the records relied upon in support of arbitration.

REQUEST NO. 18

Produce all documents Defendant may introduce at any hearing concerning arbitration or contract formation.

## **REQUESTS FOR ADMISSION**

REQUEST FOR ADMISSION NO. 1

Admit that Defendant contends Plaintiff agreed to arbitrate any claims against Defendant.

REQUEST FOR ADMISSION NO. 2

Admit that Defendant's motion to compel arbitration is based upon an alleged website submission occurring on or about March 8, 2025.

REQUEST FOR ADMISSION NO. 3

Admit that Defendant contends Plaintiff completed the Submission.

REQUEST FOR ADMISSION NO. 4

7

Admit that Defendant contends Plaintiff personally entered the telephone number ending in 7615 during the Submission.

REQUEST FOR ADMISSION NO. 5

Admit that Defendant contends Plaintiff personally entered the email address associated with the Submission.

REQUEST FOR ADMISSION NO. 6

Admit that Defendant contends Plaintiff personally entered her address during the Submission.

REQUEST FOR ADMISSION NO. 7

Admit that Defendant possesses no eyewitness testimony that Plaintiff personally completed the Submission.

REQUEST FOR ADMISSION NO. 8

Admit that Defendant's contention that Plaintiff completed the Submission is based entirely or substantially upon electronic records.

REQUEST FOR ADMISSION NO. 9

Admit that Defendant did not communicate directly with Plaintiff before sending the text messages at issue.

REQUEST FOR ADMISSION NO. 10

Admit that Defendant has no audio recording of Plaintiff agreeing to arbitration.

REQUEST FOR ADMISSION NO. 11

Admit that Defendant has no handwritten document signed by Plaintiff agreeing to arbitration.

REQUEST FOR ADMISSION NO. 12

Admit that Defendant has no video recording showing Plaintiff completing the Submission.

REQUEST FOR ADMISSION NO. 13

8

Admit that Defendant cannot identify the individual who allegedly completed the Submission based solely upon the IP address associated with the Submission.

REQUEST FOR ADMISSION NO. 14

Admit that multiple individuals may use the same internet connection associated with an IP address.

REQUEST FOR ADMISSION NO. 15

Admit that an IP address alone does not identify a specific individual user.

REQUEST FOR ADMISSION NO. 16

Admit that Defendant does not possess any biometric, photographic, or government-issued identification confirming the identity of the individual who completed the Submission.

REQUEST FOR ADMISSION NO. 17

Admit that Defendant did not require the individual completing the Submission to upload identification.

REQUEST FOR ADMISSION NO. 18

Admit that Defendant did not require the individual completing the Submission to authenticate identity through a multi-factor authentication process.

REQUEST FOR ADMISSION NO. 19

Admit that Defendant has no record showing Plaintiff viewed the full text of the Terms of Service before allegedly agreeing to them.

REQUEST FOR ADMISSION NO. 20

Admit that Defendant has no record showing Plaintiff opened the Arbitration Notice hyperlink before allegedly agreeing to arbitration.

REQUEST FOR ADMISSION NO. 21

Admit that Defendant has no record showing Plaintiff scrolled through the Terms of Service before allegedly agreeing to them.

REQUEST FOR ADMISSION NO. 22

Admit that Defendant contends a consumer could assent to arbitration without opening the Arbitration Notice hyperlink.

REQUEST FOR ADMISSION NO. 23

Admit that Defendant has no record showing Plaintiff downloaded, saved, printed, or retained a copy of the Arbitration Agreement.

REQUEST FOR ADMISSION NO. 24

Admit that Defendant has no record showing Plaintiff expressly acknowledged reading the Arbitration Agreement.

REQUEST FOR ADMISSION NO. 25

Admit that Defendant has no record showing Plaintiff expressly acknowledged understanding the Arbitration Agreement.

REQUEST FOR ADMISSION NO. 26

Admit that Defendant contends acceptance of the Terms of Service was a prerequisite to proceeding through the Website.

REQUEST FOR ADMISSION NO. 27

Admit that Defendant contends acceptance of the Arbitration Agreement occurred through the same action used to continue the Website application process.

Dated: May 29, 2026

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.

10

350 Lincoln Street
Suite 2400
Hingham, MA 02043
617-485-0018
Fax: 508-318-8100
Email: anthony@paronichlaw.com

Carly M. Roman
Strauss Borrelli PLLC
980 N Michigan Ave.
Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
Email: croman@straussborrelli.com

James Gerard Stranch , IV
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
615-254-8801
Fax: 615-250-3937

11