# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

VIRGINIA COLE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CASH BY PHONE, LLC,

Defendant.

Case No. 3:26-cv-00361

CLASS ACTION

JUDGE RICHARDSON
MAGISTRATE JUDGE FRENSLEY

JURY TRIAL DEMANDED

## **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S COMPLAINT**

## INTRODUCTION

Plaintiff's Opposition to CBP's "Motion to Compel Arbitration or, in the Alternative, to Dismiss Plaintiff's Complaint" (Dkt. 16, "Motion") attempts, but ultimately fails, to challenge only whether this matter should be referred to arbitration, to the extent that she supposedly "has created a genuine dispute regarding contract formation" solely through the use of a self-serving declaration. Dkt. 24 at 1. Plaintiff's Opposition does not, however, address any of CBP's alternative arguments as to why her entire ill-pled Complaint should be dismissed on its merits with prejudice under Rule 12(b)(6) (*see* Dkt. 16 at 2, 15-25), thereby conceding all those points. *See, e.g., Albury v. Strategic Staffing,* 2025 WL 2552164 at * 3 (E.D. Mich. Sept. 4, 2025) ("[F]ailure to address an argument serves as a waiver of challenging that argument.") (citation omitted). Should the Court not compel Plaintiff to arbitrate, therefore, it should nevertheless dismiss the Complaint.

As to the key question of whether the parties formed a valid and binding arbitration agreement in this case—which is the only arbitrability issue Plaintiff's Opposition raises—the answer is clearly affirmative. In this regard, Plaintiff offers only a declaration with her Opposition, which essentially amounts to a blanket denial that she did not visit the subject Website or agree to the Terms containing the subject Arbitration Agreement—or perhaps that she just does not remember doing so, given some of the vague and equivocating language that she employs. *See generally* Dkt. 24-1. But her self-serving declaration does not carry her evidentiary burden here, is insufficient to refute CBP's competent evidence to the contrary (*see* Dkt. 16-1), and cannot alone raise a genuine issue of material fact as to the contract formation issue, as myriad courts in the Sixth Circuit (including this Court) have correctly held. *See, e.g.,* Dkt. 16 at 7 (citing *Nealey* and *Andersen*); *Townsend v. Pinewood Social, LLC*, 2024 WL 1642790, at *6-7 (M.D. Tenn. April 16, 2024) (**Richardson, J.**) (compelling arbitration and rejecting plaintiff's self-serving declaration

denying execution of an arbitration agreement, where it was directly contradicted by evidence in the record).[1] This Court should rule similarly and compel Plaintiff to arbitrate, as she agreed to do.

## ARGUMENT

Plaintiff contends that her self-serving declaration submitted with her Opposition, absent corroborating evidence, alone is enough to raise a genuine issue of material fact under the Rule 56 standard (as applied in this Circuit in the motion to compel arbitration context) on the contract formation issue. *See* Dkt. 24 at 5-6 ("Plaintiff has submitted sworn testimony directly disputing the factual premise upon which Defendant's motion depends.") (citing *Hazlett*). Plaintiff is wrong.

This Court's recent ruling in the *Townsend* case is instructive. There, like here, the plaintiff submitted only a sworn declaration with his opposition to the defendant's motion to compel arbitration, in which he stated that "he 'unequivocally did not consent to, sign, acknowledge or authorize any type of arbitration agreement'" with the defendant. 2024 WL 1642790, at *5. The plaintiff did not, however, "directly dispute the accuracy of the facts set forth in [the defendant's] declaration" as to the execution of the subject agreement, challenge the attached supporting evidence, or offer other evidence supporting the statements made in his declaration or contradicting the defendant's evidence. *Id*. In contrast, the Court noted the defendant had "offered an electronic audit trail via the reports attached" to a sworn declaration submitted in support of its motion, showing among other things that the plaintiff electronically signed subject arbitration agreement

---

[1] *See also Mullen v. Chaac Pizza Midwest, LLC*, 2022 WL 673187, at *5 (S.D. Ohio Mar. 7, 2022) ("Numerous courts have held that, when the moving party has presented evidence of the process to assent to an arbitration agreement as well as proof of the agreement, a self-serving affidavit disputing assent cannot create a genuine issue of material fact.") (collecting cases); *Hill v. Checkr, Inc.,* 2025 WL 2391441, at *5 (N.D. Ohio Aug. 15, 2025) (compelling arbitration, holding: "Hill's conclusory personal declaration that he does not recall or simply that he did not agree to the TOS does not create a genuine issue of material fact in light of Checkr's electronic evidence to the contrary.") (collecting cases); *Bd. of Trustees of The Plumbers v. Humbert*, 2016 WL 705243, at *10 (S.D. Ohio Feb. 23, 2016) (finding self-serving testimonial affidavits alone were insufficient to create a genuine issue of material fact under Rule 56, absent other corroborating evidence).

"at a specific time on a specific date, from an IP address" associated with the plaintiff. *Id*. at \*6. In granting the motion at bar, the Court held the *Townsend* plaintiff's declaration alone was insufficient "to create a ***genuine*** issue of material fact" on the formation issue because his "unequivocal denial [was] blatantly contradicted by the undisputed electronic audit trail showing that [plaintiff] signed the [subject] [a]greement, such that no reasonable jury could believe [his] denial." *Id* at \*6-7 (emphasis original) (citing *inter alia Davis v. Gallagher*, 951 F.3d 743, 750 (6th Cir. 2020) ("[W]here self-serving testimony is blatantly and demonstrably false, it understandably may not create a genuine issue of material fact, thereby allowing a court to grant summary judgment.")). And while the Court gave due consideration to the plaintiff's denials, it found that "under the circumstances" they "count[ed] only as a 'scintilla' of evidence—and under the applicable summary judgment standard, a mere scintilla is not enough to allow the non-movant to prevail." *Id*. at \*7 (citing *Brown v. Battle Creek Police Dep't,* 844 F.3d 556, 565 (6th Cir. 2016)).

Like in *Townsend*, Plaintiff here offers a "mere scintilla" of evidence with her Opposition in the form of a self-serving declaration generally denying entering into the subject Arbitration Agreement, albeit not quite "unequivocally." Indeed, while her declaration flatly states that she "did not ever visit" the subject Website, it also equivocates and states that (i) she "did not provide information" through the Website "***for the purpose of obtaining a loan***"; (ii) she "does not ***recall*** ever visiting any online loan marketplace during 2024 or 2025"; (iii)"never ***knowingly*** agreed to arbitrate any disputes" with CBP; (iv) "never ***saw, reviewed, or read*** any arbitration agreement" with CBP; (v) CBP's "records identify an address that [she] had not lived at ***for approximately ten years*** before this lawsuit was filed"; and (vi) "[t]o the ***best of [her] knowledge***, the IP address identified by [CBP] is not associated with" her. Dkt. 24-1, ¶¶ 5-12 (all emphases added). But all this does not create a <u>genuine</u> factual dispute on the contract formation issue here for several

reasons. Firstly, like in *Townsend*, Plaintiff does not directly dispute the facts in CBP's supporting declaration or in the evidence attached thereto, such as that someone with her name, phone number, email address, mailing address, and location (*i.e.*, someone with a Hartsville, Tennessee IP address, where she resides) agreed to the Terms and the Arbitration Agreement. *See* Dkt. 16-1, ¶¶ 7-11. While she claims that she "did not ever" visit the Website in one paragraph, she says she simply does not "recall" visiting such websites in the next. Dkt. 24-1, ¶¶ 5, 6. She does not claim that she did not provide her information at all; only that she did not do so "for the purpose of obtaining a loan." *Id*. ¶ 7. But she could have provided her information for some other "purpose," like to generate a TCPA claim, and simply used an old mailing address. She also does not state she now lives outside of the area where the IP address geolocates. And that she did not "knowingly" agree to or read the Arbitration Agreement is no excuse. *See* Dkt. 16 at 6, 7 (citing *Merritt* and *Andersen*).

Moreover, Plaintiff's vague assertions that she did not live at the mailing address provided prior to filing suit or that "to the best of [her] knowledge" the IP address is "not associated" with her are directly contradicted by the competent evidence that CBP submitted, showing that those assertions are ***demonstrably false***. *See* Dkt. 16-1 at Ex. B (showing Plaintiff lived at the mailing address when the opt-in was provided) and Ex. A (showing that the IP address is associated with the same mailing address and email address provided on the Website and that it geolocates to Hartsville, Tennessee). *See also* Supplemental Declaration of Andrew Buser, attached hereto as Exhibit 1, at ¶¶ 5-8 and Exs. H and I and Supplemental Ex. A attached thereto (CBP's audit trail).

At bottom, CBP's competent evidence submitted with its Motion shows that someone with Plaintiff's ***same*** name, email address, mailing address, phone number, and IP address visited the subject Website, agreed to the subject Terms ***twice***, and thus assented to the subject Arbitration Agreement therein twice. That is all that is necessary for CBP to show that a valid and binding

4

arbitration agreement was formed in this case. *See, e.g., Townsend*, *Hill*, *Humbert*, and *Mullen*, *supra*. *See also Jordan v. Comcast Cable Commc'ns Mgmt., LLC*, 2016 WL 452145, at *5 (N.D. Ga. Feb. 4, 2016) (compelling arbitration in TCPA case, finding defendant carried its initial evidentiary burden by presenting records showing someone with the plaintiff's name, address, and number signed up and agreed to arbitrate, and plaintiff offered only an affidavit denying formation). Nothing in Plaintiff's Opposition[2] or in her self-serving declaration compels a contrary result.

Lastly, Plaintiff incorrectly asks the Court to "deny the motion outright." Dkt. 24 at 8. If the Court finds she has raised a genuine factual dispute on formation (and she has not), it <u>must</u> conduct an evidentiary hearing before ruling. *See Boykin v. Fam. Dollar Stores of Mich, LLC*, 3 F.4th 832, 844 (6th Cir. 2021). And while CBP agreed to conduct limited arbitration discovery (which was only as a compromise, as CBP sought her agreement to stay all discovery while the Motion was pending), such discovery is not necessary before the Court rules on the Motion because Plaintiff has not raised a genuine factual dispute through her Opposition. *See, e.g., Townsend* 2024 WL 1642790, at *4 (finding arbitration discovery is only allowed if the non-movant adequately raises a genuine issue on formation and that "absent such a showing, the court must treat the agreement as having been made" and order "'the parties to proceed to arbitration in accordance with the terms of the agreement'") (citing *Boykin*, 3 F.4th at 841 and 9 U.S.C. § 4).[3]

---

[2] Plaintiff's Opposition relies solely on *Hazlett v. Fam. Dollar Stores of Tennessee, Inc.*, which is readily distinguishable. The genuine dispute raised there was whether the plaintiff "actually had the opportunity to read or review any part of the Arbitration Agreement before being asked to sign it electronically." 2021 WL 663665, at *7 (M.D. Tenn. Feb. 19, 2021). That is not the issue here.

[3] Plaintiff's suggestion that she needs any discovery from CBP on the narrow formation issue (*see* Dkt. 24 at 3) rings hollow, as information showing that she visited the Website would be uniquely in ***her possession***. *See also Shaffer v. Halsted Fin. Servs., LLC,* 2022 WL 390657, at *1–2 (N.D. Ohio Feb. 9, 2022) (denying discovery request where plaintiff did not show it would have a "material impact on the arbitrability issue" at bar). Surely, she can obtain evidence on where she lived in March 2025, her IP address, her email address, or internet use much faster and easier than CBP ever could.

Dated: June 10, 2026                    Respectfully Submitted,


                                        By: /s/ Samuel F. Miller

                                        Samuel F. Miller (TN BPR No. 022936)
                                        Anna Kate Ferrell (TN BPR No. 042397)
                                        **STITES & HARBISON, PLLC**
                                        401 Commerce Street, Suite 800
                                        Nashville, TN 37219
                                        Phone: (615) 782-2200
                                        Facsimile: (615) 782-2371
                                        smiller@stites.com
                                        akferrell@stites.com

                                        John W. McGuinness (*pro hac vice*
                                        forthcoming)
                                        A. Paul Heeringa (admitted *pro hac vice*)
                                        **MANATT, PHELPS & PHILLIPS, LLP**
                                        2049 Century Park East, Suite 1700
                                        Los Angeles, CA 90067
                                        JMcGuinness@manatt.com
                                        PHeeringa@manatt.com


                                        *Attorneys for Defendant*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2026, I filed the foregoing brief (including any attached exhibits) with the Clerk of Court for the United States District Court for the Middle District of Tennessee, through the Court's Electronic Case Filing System, which will automatically serve all counsel of record listed below:

> Anthony I. Paronich
> Paronich Law, P.C.
> 350 Lincoln Street
> Suite 2400
> Hingham, MA 02043
> 617-485-0018
> Fax: 508-318-8100
> Email: anthony@paronichlaw.com
>
> Carly M. Roman
> Strauss Borrelli PLLC
> 980 N Michigan Ave.
> Suite 1610
> Chicago, IL 60611
> 872-263-1100
> Fax: 872-263-1109
> Email: croman@straussborrelli.com
>
> James Gerard Stranch , IV
> Stranch, Jennings & Garvey, PLLC
> 223 Rosa L. Parks Avenue
> Suite 200
> Nashville, TN 37203
> 615-254-8801
> Fax: 615-250-3937
> Email: gstranch@stranchlaw.com

By: /s/ Samuel F. Miller
Samuel F. Miller

7