# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

VIRGINIA COLE, individually and on )
behalf of all others similarly situated, )
     Plaintiff, )     Civil Action No. 3:26-cv-361
v. )     Judge Richardson/Frensley
      )     Jury Demand
CASH BY PHONE, LLC, )
     Defendant. )

## INITIAL CASE MANAGEMENT ORDER

     A.     **JURISDICTION**: Plaintiff asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1331, because the case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Defendant does not concede that federal subject matter jurisdiction is proper, to the extent that Plaintiff lacks Article III standing under the U.S. Constitution. Defendant contends that Plaintiff's claims should be submitted to arbitration. *See* Dkt. 16.

     B.     **BRIEF THEORIES OF THE PARTIES:**

     For Plaintiff: Plaintiff alleges that Defendant violated the TCPA by repeatedly sending marketing text messages to her personal residential cellular telephone number, (615) XXX-XXXX. Plaintiff alleges she did not consent to receive the texts, her number has been on the National Do-Not-Call Registry since May 15, 2024, and the number has never been used for business purposes.

     For Defendant: Defendant disputes all of Plaintiff's allegations in this matter, contends that Plaintiff's claims are without merit (both legally and factually), contends that Plaintiff's Complaint is fatally and factually deficient and not properly before this Court (to the extent Plaintiff agreed to arbitrate them on an individual basis), and denies that it violated the TCPA or any laws. Defendant further disputes the summary provided by Plaintiff above, and the

allegations therein, and states that the foregoing summary is not an accurate recitation of the issues in this case. Defendant also disputes whether Plaintiff has Article III standing to bring her claim, or if this case is appropriate for or capable of class treatment under Rule 23. As Defendant has not yet responded to the complaint, Defendant reserves the right to raise any and all additional available defenses to the claims, should this matter proceed in this Court, or to raise any affirmative claims against Plaintiff. Defendant has moved to compel Plaintiff to arbitrate her claims or in the alternative to dismiss. *See* Dkt. 16.

Defendant's participation in this report is without prejudice to its arbitral rights.

C.      **ISSUES RESOLVED**: None.

D.      **ISSUES STILL IN DISPUTE**:

- Whether Plaintiff agreed to arbitrate her underlying claims.

- Whether Plaintiff has pled a plausible TCPA claim.

- Whether Defendant is directly or vicariously liable under the TCPA for the alleged communications.

- Whether Plaintiff received an actionable "telephone solicitation," to the extent she provided her "prior express invitation or permission" to receive the subject communications or had an "established business relationship" Defendant (as those terms are defined by the TCPA's DNC implementing regulations).

- Whether Plaintiff has Article III and/or prudential standing to bring her claim.

- Whether text messages qualify as "telephone calls" under 47 U.S.C. § 227(c).

- Whether there was a "willful" or "knowing" violation, entitling Plaintiff to treble damages.

- Whether Defendant has "established and implemented, with due care, reasonable

2

practices and procedures to effectively prevent telephone solicitations in violation of the" TCPA's DNC implementing regulations, per 47 U.S.C. § 227(c)(5).

- Whether Plaintiff qualifies as a "residential telephone subscriber" within the meaning of the TCPA.

- Whether this case is worthy and capable of class treatment under Fed. R. Civ. P. 23.

E.      **INITIAL DISCLOSURES**: Without prejudice to Defendant's arbitral rights, the Parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **June 26, 2026**. All non-arbitration related discovery shall be stayed, per Section G. below.

F.      **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS**: Pursuant to Local Rules 16.02–16.05, the Parties have conferred regarding ADR. Plaintiff believes the case would benefit from private mediation after the Parties have had an opportunity to conduct targeted fact discovery sufficient to evaluate the claims and defenses, including preliminary information related to class size. Plaintiff therefore propose to defer mediation until after the exchange of core written discovery and any necessary party depositions, at which time they will be better positioned to engage in meaningful settlement discussions. Defendant is willing to participate in a mediation at any time and that discovery is not necessary, without prejudice to its arbitral rights.

G.      **DISCOVERY**: The Parties have agreed, for the sake of judicial and party economy, to stay all discovery *except* for arbitration-related discovery during the pendency of Defendant's motion to compel arbitration. *See, e.g., Little v. Midland Credit Mgmt., Inc.,* 2020 WL 4745191, at *2–3 (S.D. Ohio Aug. 17, 2020) (finding good cause to stay discovery during the pendency of a motion to compel arbitration, in accordance with Sixth Circuit precedent);

3

*Hubbell v. NCR Corp.,* 2018 WL 1638882, at \*2 (S.D. Ohio Apr. 5, 2018) (same). Accordingly, only arbitration-related discovery may proceed at this time, and all other discovery (including merits-based or class discovery) is stayed. Should said motion to compel be denied, the Parties are to confer and must submit proposed case management schedule(s) within 14 days of the Court's ruling on the motion. Should the motion to compel not be resolved and ruled on within 150 days after entry of this Order, the Parties are to confer and must submit proposed case management schedule(s) within 14 days.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery related motions. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's

memorandum of law or response, as the case may be.

H.     **MOTIONS TO AMEND OR TO ADD PARTIES**: As the Parties have agreed to stay discovery pending resolution of Defendant's motion to compel arbitration, no deadlines for motions to amend or to add parties shall be set at this time.

I.     **DISCLOSURE AND DEPOSITIONS OF EXPERTS**: As the Parties have agreed to stay discovery pending resolution of Defendant's motion to compel arbitration, no deadlines for experts shall be set at this time.

J.     **CLASS CERTIFICATION:** As the Parties have agreed to stay discovery pending resolution of Defendant's motion to compel arbitration, no deadlines for class certification shall be set at this time.

K.     **SUBSEQUENT CASE MANAGEMENT CONFERENCE**. A subsequent case management conference shall be held telephonically on **August 31, 2026**, **at 8:30 a.m.** to address: status of arbitration discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-855-244-8681, at the appointed time. and when prompted for the access code, enter 23139129180# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

L.     **DISPOSITIVE MOTIONS**: As the Parties have agreed to stay discovery pending resolution of Defendant's motion to compel arbitration, no deadlines for dispositive motions shall be set at this time.

M.     **ELECTRONIC DISCOVERY**. If the parties have reached an agreement on how to conduct electronic discovery, Administrative Order No. 174-1 need not apply to this case. Any

5

agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

N.     **MODIFICATION OF CASE MANAGEMENT ORDER**. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

O.     **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE**: As the Parties have agreed to stay discovery pending resolution of Defendant's motion to compel arbitration, no estimates are provided at this time.

**The Parties do not consent to disposition by Magistrate.**

6

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

7