**CHRISTOPHER SHEFFIELD**                                          **PLAINTIFF**

**vs.**                                        **CIVIL ACTION NO.**_____

**BOHDAN YAKIBCHUK and
SONA TRANSPORTATION., INC.,**                              **DEFENDANTS**

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Bohdan Yakibchuk, (hereinafter referred to as "Defendant"), through counsel, hereby give notice of the removal of this matter from the Circuit Court of Wilson County, Tennessee, at Lebanon (Civil Action No.: 26-CV-361), to the United States District Court for the Middle District of Tennessee, Nashville Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§1332, 1441, and 1446.

### Civil Action Removed

1.      This action was commenced on May 15, 2026, and arises out of an automobile accident alleged to have occurred in Wilson County, Tennessee, on or about March 5, 2026, between the vehicle operated by Plaintiff and the vehicle operated by Bohdon Yakibchuk in the course and scope of his employment with Otaman Trans Group, Inc. ("Otaman")1. The state court action is styled *Christopher Sheffield v. Bohdan*

---

1 The Complaint improperly names Sona Transportation, Inc. as Yakibchuk's employer. As of the date of this filing, Otaman has been included in this action via Amended Complaint.

*Yakibchuk and Sona Transportation, Inc.,* and was filed in the Circuit Court of Wilson County, Tennessee, at Lebanon, bearing Case Number 26-CV-361.

2.     Pursuant to 28 U.S.C.A. § 1446 and the Local Rules of Court, a true and correct copy of the certified record of the state-court proceedings will be timely filed as a separate item. Copies of the Summonses and Complaint are attached hereto as **Exhibits "A"** and **"B,"** respectively.

### Timeliness of Removal

3.     Defendant was served with a copy of the Complaint and Summons on via the Tennessee Secretary of State on May 29, 2026. **Exhibit "C",** *SOS Affidavit and Endorsement*.

4.     Removal of this civil action is timely filed by Defendant. 28 U.S.C.A. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleadings or summons[.]").

### Amount in Controversy Exceeds $75,000

5.     "Courts discern the amount in controversy by consulting the face of the complaint and accepting the plaintiff's good faith allegations.*" Encore Energy, Inc. v. Morris Ky. Wells, LLC*, 2020 U.S. App. LEXIS 31715, at *5 (6th Cir. Oct. 6, 2020) (citing, *Thornton v. Comerica Bank*, 510 Fed. Appx. 439, 440 (6th Cir. 2013)). Normally, the amount claimed by a plaintiff controls. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

6.     The Complaint demands judgment in an amount not to exceed $1,000,000. **Ex. B,** *Relief,* p. 6. It further alleges that Plaintiff has incurred medical bills, other (unspecified) expenses, physical and mental suffering, loss of enjoyment of life, lost wages and loss of wage earning capacity, and other out of pocket expenses (unspecified).

2

Consequently, the amount in controversy exceeds the jurisdictional minimum. Additionally, the undersigned has conferred with Plaintiff's counsel and she has indicated the amount in controversy exceeds $75,000 and did not object to removal of this action.

## Diversity of Citizenship

7. Under § 1332(c)(1), a corporation is deemed to be a citizen of the state where it was incorporated and the state in which it has its principal place of business.

8. According to the Complaint, Plaintiff is an adult resident citizen of Florida. **Ex B**, ¶ 1. Defendant Yakibchuk is an adult resident citizen of Illinois. *Id.* ¶ 2. Defendant Sona Transportation is alleged to be a citizen of Illinois. *Id.* ¶ 3. Otaman Trans Group, Inc. is a corporation organized and existing under the laws of Illinois with a principal place of business in Illinois. Therefore, complete diversity exists between the parties.

## Venue

9. Venue of this removed action is proper pursuant to 28 U.S.C.A. §1441(a) because this Court is the United States District Court for the district and division embracing the place wherein the removed action is pending.

## Notice to State Court

10. Concurrent with the filing of this Notice, Defendants will also file with the state court a true and correct copy of this Notice of Removal, thereby effecting removal of this action to this Court. As per 28 U.S.C.A. § 1446(d), no further proceedings shall be had in the state court unless this matter is remanded.

## Notice to Plaintiff

11. Consistent with 28 U.S.C.A § 1446(d) and as indicated in the attached Certificate of Service, Plaintiff is being provided with a copy of this Notice of Removal.

3

Respectfully submitted,

BOHDAN YAKIBCHUK


BY: *M. Garner Berry*
OF COUNSEL

M. Garner Berry, Esq. BRP #040744
Christopher G. Dunnells, Esq. BRP #041985
CHARTWELL LAW
200 W. Jackson Street, Suite 200
Ridgeland, MS 39157
(Office) 601-277-6755
(Fax) 610-666-7704
gberry@chartwelllaw.com
cdunnells@chartwelllaw.com
*Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this day electronically filed the foregoing with

the Clerk of the Court using the ECF system and sent notification of such filing to the following:

Kristi Roberts BPR #039979
Morgan & Morgan-Nashville, PLLC
150 4th Avenue North, Suite 300
Nashville, TN 37219
Kristi.roberts@forthepeople.com
*Attorney for Plaintiff*

THIS the 24th day of June, 2026.


*M. Garner Berry*
M. GARNER BERRY, ESQ.


4