# IN THE CIRCUIT COURT OF WILSON COUNTY, TENNESSEE
## AT LEBANON

CHRISTOPHER SHEFFIELD, )
)
  Plaintiff, ) Docket No. 26-CV-361
)
v. )
)
BOHDAN YAKIBCHUK and SONA )
TRANSPORTATION, INC., )
)
  Defendants. )

FILED

A.M.   MAY 1 5 2026   P.M.

q49 tc

DEBBIE MOSS, CIRCUIT COURT CLERK
WILSON COUNTY, TN

## COMPLAINT

Plaintiff states:

1.   Plaintiff Christopher Sheffield is a citizen and resident of Polk County, Florida.

2.   Defendant Bohdan Yakibchuk is a citizen and resident of Cook County, Illinois and may be served with process at 4048 N Austin Ave., Apt #1, Chicago, IL 60634.

3.   Defendant Sona Transportation, Inc. is a foreign corporation, whose principal place of business 636 North 4th Ave., Addison, IL,60101 and who may be served with process to its registered agent, Oleg Mykytin, at 636 North 4th Ave., Addison, IL,60101.

4.   On or about March 5, 2026, Defendant Bohdan Yakibchuk was driving a semi-truck on Ramp 239B, in Lebanon, Wilson County, Tennessee.

5.   At the same time, Plaintiff Christopher Sheffield, through the course and scope of his work as a tow truck driver, was crouching beneath a vehicle he was preparing for tow on Ramp 239B in Lebanon, Wilson County, Tennessee.

1

EXHIBIT B

6. Suddenly and without warning, Defendant Bohdan Yakibchuk crossed over into the lane Plaintiff Christopher Sheffield was operating in, striking Plaintiff's tow truck, causing a collision.

7. Upon information and belief, pursuant to Tenn. Code Ann. §§ 55-10-311 and 312, at the time of the collision described herein the vehicle driven by Defendant Bohdan Yakibchuk was being operated and used with the authority, consent, and knowledge of Defendant Sona Transportation, Inc., and for the use and benefit of Defendant Sona Transportation, Inc.

8. Defendant Bohdan Yakibchuk is at fault for the collision.

9. Defendant Bohdan Yakibchuk failed to maintain a proper lookout.

10. Defendant Bohdan Yakibchuk failed to pay proper attention.

11. Defendant Bohdan Yakibchuk failed to keep the vehicle he was driving under proper control.

12. Defendant Bohdan Yakibchuk failed to use reasonable and due care in the operation of the vehicle he was driving so as to avoid injury to other persons using the roadway, including Plaintiff Jaime Varner.

13. Based on Defendant Bohdan Yakibchuk's conduct described herein, Defendant Bohdan Yakibchuk was negligent.

14. Defendant Bohdan Yakibchuk violated Tenn. Code Ann. § 55-8-136 by failing to exercise due care to avoid colliding with the vehicle Plaintiff Christopher Sheffield was operating, by failing to maintain a safe lookout, by failing to keep the vehicle he was driving under proper control, and by failing to devote full time and attention to operating the vehicle he was driving, under the existing circumstances to avoid endangering life, limb or property.

2

15.     Defendant Bohdan Yakibchuk failed to obey Tennessee's statutory Rules of the Road applicable to the circumstances of the collision.

16.     Based on Defendant Bohdan Yakibchuk's conduct described herein, Defendant Bohdan Yakibchuk was negligent *per se*.

17.     At all times relevant to the matters alleged herein, Defendant Sona Transportation, Inc. was the owner of the vehicle that Defendant Bohdan Yakibchuk was operating at the time of the collision.

18.     At all times relevant to the matters alleged herein, the vehicle that Defendant Bohdan Yakibchuk was operating at the time of the collision was registered in the name of Defendant Sona Transportation, Inc..

19.     Plaintiff Christopher Sheffield invokes the presumptions of Tenn. Code Ann. §§ 55-10-311 and 312.

20.     At all times relevant to the matters alleged herein, Defendant Bohdan Yakibchuk was driving the vehicle with the permission of Defendant Sona Transportation, Inc.

21.     At all times relevant to the matters alleged herein, Defendant Bohdan Yakibchuk was an agent, employee, or both of Defendant Sona Transportation, Inc.

22.     At all times relevant to the matters alleged herein, Defendant Bohdan Yakibchuk was acting in the course and scope of his agency, employment, or both on behalf of Defendant Sona Transportation, Inc.

23.     At all times relevant to the matters alleged herein, Defendant Sona Transportation, Inc. was vicariously responsible for the negligent acts, omissions, or both of Defendant Bohdan Yakibchuk under the doctrine of *respondeat superior*.

24. At all times relevant to the matters alleged herein, Defendant Sona Transportation, Inc. knew or reasonably should have known of Defendant Bohdan Yakibchuk's propensity to operate vehicles in a negligent manner so as to create an unreasonable risk of harm to others.

25. Defendant Sona Transportation, Inc.'s negligent entrustment of its vehicle to Defendant Bohdan Yakibchuk is the direct and proximate cause of the collision and Plaintiff Christopher Sheffield's injuries and damages.

26. As the employer of Defendant Bohdan Yakibchuk, Defendant Sona Transportation, Inc. had a duty to investigate Defendant Bohdan Yakibchuk's fitness for employment prior to hiring.

27. Defendant Sona Transportation, Inc. failed to conduct an adequate pre-employment inquiry into Defendant Bohdan Yakibchuk's fitness for employment.

28. As the employer of Defendant Bohdan Yakibchuk, Defendant Sona Transportation, Inc. had an ongoing duty to provide training and supervision to Defendant Bohdan Yakibchuk for the duration of his continued employment.

29. Defendant Sona Transportation, Inc. failed to conduct adequate training for Defendant Bohdan Yakibchuk, including but not limited to instruction of the Federal Motor Carrier Safety Administration (FMCSA) standards, the Commercial Driver License (CDL) guidelines, or the policies and procedures authored by Defendant Sona Transportation, Inc..

30. Defendant Sona Transportation, Inc. failed to conduct supervision of Defendant Bohdan Yakibchuk sufficiently to ensure that Defendant Bohdan Yakibchuk followed all applicable rules, statutes, guidelines, or other regulations governing the operation of the commercial vehicle entrusted to Defendant Bohdan Yakibchuk by Sona Transportation, Inc. for use in the course and scope of his employment with Defendant Sona Transportation, Inc..

4

31. Based on the conduct described herein, Defendant Sona Transportation, Inc. negligently hired, trained, retained, and/or supervised Defendant Bohdan Yakibchuk, which was a direct and proximate cause of the collision and Plaintiff Christopher Sheffield's injuries and damages.

32. Plaintiff Christopher Sheffield has suffered injuries as a direct and proximate result of the collision.

33. Plaintiff Christopher Sheffield has incurred medical bills and other expenses as a direct and proximate result of the collision.

34. Plaintiff Christopher Sheffield has endured physical pain and mental suffering as a direct and proximate result of the collision.

35. Plaintiff Christopher Sheffield has suffered loss of enjoyment of life as a direct and proximate result of the collision.

36. Plaintiff Christopher Sheffield has suffered lost wages, loss of earning capacity, or other out of pocket expenses, or some combination thereof, as a direct and proximate result of the collision.

37. Plaintiff Christopher Sheffield seeks to recover for all of her damages allowed under Tennessee law.

## **RELIEF**

38. WHEREFORE, Plaintiff Christopher Sheffield, respectfully requests that a jury be empaneled to hear his cause and thatshe be awarded compensatory damages in an amount deemed appropriate by the jury. Because Tennessee law requires a person bringing suit to state the maximum amount of damages sought, Plaintiff states that she seeks whatever amount a jury

5

decides is fair and reasonable, but not to exceed $1,000,000.00, costs and post-judgment interest as allowed by law, and such further relief as the Court may deem just and equitable.

Respectfully submitted,

MORGAN & MORGAN-NASHVILLE, PLLC

Kristi Roberts BPR #039979
150 4th Avenue North, Suite 300
Nashville, TN 37219
Phone: (615) 780-6311
Email: kristi.roberts@forthepeople.com
*Attorney for Plaintiff*

6